DOWNEY, Judge.
This is an appeal by the husband from a final judgment of dissolution of marriage.
Appellant, Kendall C. Smith (husband), age fifty and appellee, Linda M. Smith (wife), age thirty-four were married approximately seven years and had two children aged four and two at the time of the dissolution. Both husband and wife were bankers, the former earning approximately $61,000 annually and the latter approximately $32,000. The parties owned, as tenants by the entireties, the marital residence valued at $99,000, the same value as on the date of purchase. The house was subject to a mortgage in the amount of about $71,000. The down payment for the residence, in the amount of about $24,000 plus closing costs, was supplied by the husband from the sale of his solely owned townhouse. The townhouse was owned by him prior to the marriage and was acquired through a loan of $28,810.76 from his mother of which he owed approximately $25,400 at the time of trial.
The wife owned a condominium unit from a previous marriage which she rented out and which she valued at $20,000 subject to a mortgage of $10,000. The husband was obligated under a New Jersey final judgment to pay $500 per month as alimony and child support.
The. final judgment awarded the wife custody of the two children, possession of the marital home until the children’s majority and $500 per month per child as child *1298 support. The husband was required to pay the mortgage, insurance, taxes and major repairs on the marital home, one-half of the medical and dental expenses and life insurance on the children, all totaling approximately $2,058 per month. The judge also awarded the husband a special equity in the marital home of $24,000, required the wife to provide medical insurance on the children and awarded the wife attorney’s fees and costs.
The appellate issues presented are the alleged excessive amount of child support awarded, the assessment of the wife’s attorney’s fees against the husband, and the refusal to award the husband the entire fee simple title to the marital home as a special equity.
From our study of the record and briefs of counsel we conclude the award of attorney's fees to the wife and the special equity in the marital home to the husband were proper. However, we believe the trial court abused its discretion in allowing an excessive amount for child support.
In addition to the $2,058 awarded the wife in the final judgment the husband must also pay $500 per month for alimony and child support arising out of a previous marriage as well, of course, as the monthly installments for withholding taxes and social security which leaves him a net of less than $2,000 per month. Considering the youth of the children, the net remaining of the husband as aforesaid, and the wife’s own income, we are convinced that the $1,000 per month child support should be reduced to a more reasonable amount.
The evidence reflects that the home was purchased with the husband’s funds which were from a source unassociated with the marriage. He paid the down payment of $24,000 and the court awarded him a special equity therefor. The home was not increased in value and is subject to a $71,000 mortgage. Under the formula set forth in Landay v. Landay, 429 So.2d 1197 (Fla.1983), the husband as an undivided one-half record owner of the property would own fifty percent of the value of the property plus a special equity of approximately twelve and one-half per cent of the wife’s undivided fifty percent or roughly sixty-two and one-half per cent of the value thereof.[1] Here the husband’s original contribution was approximately twenty-five per cent of the original purchase price of the property. Thus one-half of the ratio which his contribution bore to the original consideration, would be twelve and one-half per cent. Therefore, the judgment allowing the husband a special equity based on his $24,000 contribution when plugged into the Landay formula is a proper disposition of that claim.
Accordingly, the judgment appealed from is affirmed in all respects except as to the amount of child support. We reverse that aspect of the judgment and remand for further consideration of the amount thereof consistent with this opinion.
LETTS J., concurs.
STONE, J., dissents without opinion.

. The Landay formula provides that upon dissolution of the marriage the special equity claimant, in addition to the automatic undivided one-half interest of record, is entitled to a special equity in the other spouse’s one-half interest equal to one-half of the ratio which the claimant spouse’s contribution bears to the original consideration, e.g., husband furnishes down payment of $25,000 on $100,000 home from a source unconnected with the marriage. Title is taken by the entireties. Upon dissolution the husband is entitled to his record title interest of fifty percent plus a special equity of one-half of the ratio which his contribution bore to the purchase price which is one-half of twenty-five percent or twelve and one-half percent.